# EXHIBIT A

Electronically FILED by
Superior Court of California,
County of Los Angeles
5/08/2023 2:41 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By D. Williams, Deputy Clerk

Isaac Kohen, Esq. (SBN 286017)
Tamara R. Imber, Esq. (SBN 338465)
LAW OFFICES OF ISAAC KOHEN
8383 Wilshire Blvd., Suite 800
Beverly Hills, CA 90211
Tel: (310) 268-7802
Fax: (310) 268-7803
Email: ikohen@kohenlaw.com
       tamara@kohenlaw.com

Attorneys for Plaintiff NICHOLAS PUGH

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| NICHOLAS PUGH,<br><br>    Plaintiff,<br><br>vs.<br><br>FORD MOTOR COMPANY, a Delaware Corporation; and DOES 1 to 50, inclusive,<br><br>    Defendants. | Case No.: 23STCV10288<br><br>COMPLAINT AND DAMAGES FOR:<br><br>1. BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY UNDER THE SONG-BEVERLY WARRANTY ACT;<br><br>2. BREACH OF EXPRESS WARRANTY OBLIGATIONS UNDER THE SONG-BEVERLY WARRANTY ACT;<br><br>3. VIOLATION OF SONG-BEVERLY WARRANTY ACT SECTION 1793.2;<br><br>UNLIMITED JURISDICTION<br>[Amount demanded exceeds $25,000]<br><br>**JURY TRIAL DEMANDED** |

    PLAINTIFF NICHOLAS PUGH (hereafter referred to as "Plaintiff"), and complains and alleges against Defendants as follows:

### GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

    1.    Plaintiff NICHOLAS PUGH is an individual residing in the County of Los Angeles in the State of California.

    2.    Defendant FORD MOTOR COMPANY, (hereinafter referred to as

COMPLAINT - 1 -

"Manufacturer"), is a Delaware Corporation who is authorized to do business in California and is doing business in the County of Los Angeles, State of California and, at all times relevant hereto, was/is engaged in the manufacture and/or sales distribution of Ford and/or Lincoln vehicles and related equipment.

3. The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants, Does 1 through 50, inclusive, are unknown to Plaintiff who therefore sues these Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to set forth their true names and capacities when they have ascertained them. Further, Plaintiffs are informed and believes, and thereon alleges, that each of the Defendants designated herein as a "Doe" is responsible in some manner for the events and happenings herein referred to and caused injury and damage to Plaintiff as herein alleged.

4. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants, and each of them, were the agents, servants, and/or employees of each of the Co-Defendants. Plaintiff is informed and believes, and thereon alleges, that in doing the things hereinafter alleged, Defendants, and each of them, were acting in the course and scope of their employment as such agents, servants, and/or employees, and with the permission, consent, knowledge, and/or ratification of their Co-Defendants, principals, and/or employers.

5. Before April 23, 2022, defendant manufacturer and Does 1 through 50 inclusive, manufactured and/or distributed into the stream of commerce a new 2018 Ford F-150; VIN: 1FTEW1CP4JKF59169 (hereinafter referred to as the "Vehicle" for its eventual sale in the State of California.

6. On or about April 23, 2022, Plaintiff lease and/or purchased, for personal, family, and/or household purposes the subject Vehicle for amount paid or payable of approximately $39,140 (hereinafter, "Gross Capitalized Cost"). A true and correct copy of the Lease Agreement and/or Retail Installment Sale Contract ("RISC") are in possession of the Defendants and incorporated herein by this reference.

7. The subject Vehicle was/is a "new motor vehicle" under the Song-Beverly Act.

8. Plaintiff is a "buyer" of consumer goods under the Song-Beverly Act.

9. Defendant is a "manufacturer and/or "distributor" under the Song-Beverly Act.

10. Pursuant to Civil Code § 1793.2(a), a manufacturer that sells consumer goods in California for which it has made an express warranty shall maintain service and repair facilities or designate and authorize independent service and repair facilities to carry out the terms of those warranties.

11. Pursuant to Civil Code § 1793.2(b), when service and repair of goods is necessary because they do not conform with the applicable express warranties, service and repair shall commence within a reasonable time by the manufacturer or its representative.

12. Civil Code § 1793.2(b) further states that goods shall be serviced or repaired so as to conform to the applicable warranties within thirty (30) days.

13. Along with the purchase of the Vehicle, Plaintiff received written warranties and other express and implied warranties including, by way of example and not by way of limitation, warranties from Manufacturer that the Vehicle and its components would be free from all defects in material and workmanship; that the Vehicle would pass without objection in the trade under the contract description; that the Vehicle would be fit for the ordinary purpose for which it was intended; that the Vehicle would conform to the promises and affirmations of fact made, that Defendants, adjustments, and/or replacements of any parts necessary to ensure that the Vehicle was free from any defects in material and workmanship, that Defendants, and each of them, would maintain the utility of the Vehicle for Three (3) years or Thirty-Six thousand (36,000) miles under the "New Vehicle Warranty"; for Five (5) years or Sixty thousand (60,000) miles under the "New Vehicle Powertrain Warranty"; and for seven (7) years or Seventy thousand (70,000) miles under the "California Emissions Warranty", and would conform the Vehicle to the applicable express warranties. A true and correct copy of the warranty is in the possession of Defendants.

14. The express warranty of the subject Vehicle was/is extended pursuant to Cal. Civil Code § 1795(b): which states that: "Notwithstanding the date or conditions set for the expiration of the warranty period, such warranty period shall not be deemed expired if … (2) the warranty repairs or service performed upon the nonconforming goods did not remedy the nonconformity for which such repairs or service was performed and the buyer notified the manufacturer or seller of

this failure within 60 days after the repairs or service was completed."

15. Plaintiff alleges that the warranty repairs performed upon the Vehicle did not remedy the nonconformity for which such repairs or service was performed and that Plaintiff notified Defendants, the manufacturer or seller, of this failure within 60 days after the repairs or service was completed."

16. Plaintiff has duly performed all the conditions on Plaintiff's part under the purchase agreement and under the express and implied warranties given to Plaintiff, except insofar as the acts and/or omissions of the Defendants, and each of them, as alleged herein, prevented and/or excused such performance.

17. Plaintiff has delivered the Vehicle to the manufacturer's authorized service and repair facilities, agents and/or dealers, including the Seller, on at least four (4) separate occasions, resulting in the Vehicle being out of service by reason of repair of nonconformities. True and correct copies of the repair records including but not limited to the Repair Orders (hereafter "RO") are in possession of the Defendants.

18. Upon information and belief, by way of example, and not by way of limitation, the defects, malfunctions, maladjustments, and/or nonconformities with Plaintiff's Vehicle include the following:

| RO#/Dates/Mileage | Location of Service | Defects/Complaints |
|---|---|---|
| Technical Service Bulletin 18-2274: Engine And 10R80 Transmission - Harsh/Bumpy Shift And/Or Engagement Concerns – Built On Or Before 15-May-2018 Date: September 10, 2018 | N/A | Some 2018 F-150 vehicles equipped with a 2.7L, 3.5L or 5.0L engine and 10R80 automatic transmission and built on or before May 15, 2018 may exhibit harsh/bumpy upshift, downshift and/or engagement concerns. |

| | | |
|---|---|---|
| RO: 544625<br>February 18, 2019<br>8,328 miles | South Bay Ford | POWERTRAIN AND/OR EMISSIONS DEFECT: Vehicle hesitates on acceleration. |
| SSM 48423: 2015-2020 Various Vehicles – Illuminated Malfunction Indicator Lamp (MIL) With Variable Cam Timing (VCT) DTCs - Diagnostic Information Date: December 20, 2019 | N/A | Some 2015-2020 Ford and Lincoln vehicles may exhibit an illuminated MIL with diagnostic trouble codes (DTCs) P0011, P0012, P0014, P0015, P0016, P0017, P0018, P0019, P0021, P0022, P0024 and/or P0025. This may be due to small debris causing the VCT solenoid to stick. (Revised May 24, 2021- SSM 49821.) |
| Technical Service Bulletin 21-2315: Harsh Engagement, Shift Date: September 28, 2021 | N/A | Some 2017-2020 F-150, 2018-2021 Expedition/Navigator/Mustang and 2019-2021 Ranger vehicles equipped with a 10R80 automatic transmission may exhibit a harsh engagement/harsh shift/delayed shift. It is possible the vehicle may also have one or several illuminated malfunction indicator lamp (MIL) or diagnostic trouble codes. This may be due to incompatibility of the adaptive calibration to adapt to hardware wear-in over time. To correct the condition, follow the Service Procedure steps to overhaul the main control valve body and/or perform an adaptive learning drive cycle. (Revised December 20, 2021- TSB 21-2357; April 22, 2022- TSB 22-2139.) |

| RO: 262708<br>April 6 -May 20, 2022<br>68,189 miles | Galpin Ford | POWERTRAIN AND/OR EMISSIONS DEFECT: On cold start, Vehicle's transmission jumps into reverse. There is also a hard shift on the freeway on hard acceleration or re-acceleration. (RO Line 1: "Verified customer concern. There is harsh engagement when placing the vehicle into either reverse or drive, also transmission bangs into gear upon acceleration from a full stop and while upshifting there is a delay felt. Hooked up scan tool and retrieved any DTC's, none found. Performed PID monitor road test analyzing TC slip actual and TC slip desired, found RPM difference off specs. Performed visual inspection, checked okay. Checked fluid level and condition, level is good but condition is overheated, fluid smells burned. Removed fluid sample to further inspect condition, found metal flakes within the fluid. Performed line pressure test, verified pressure was within 10 PSI spec. Removed oil pan and performed air pressure test on fluid ports. Upon removal of valve body found excessive metal debris contamination in the fluid also when testing B clutch assembly there is leak. Ran oasis for any applicable TSB or SSM, none found. Referred to WSM diagnosis and testing, diag[nosed] by symptom, following symptom chart directed to remove transmission and perform teardown |
|---|---|---|

| | | |
|---|---|---|
| | | inspection for any damages or wear to transmission components. Proceeded with teardown inspection, pulled transmission from vehicle and placed it onto bench fixture. Remove torque converter and inspected, found excessive metal debris contamination coming from fluid within. Also, there is gold discoloration due to overheating and converter hub has grooving. Removed and reassembled valve body assembly, found excessive metal debris contamination in the fluid passages, also valves stick and have a hard time clearing through bores, noticed scorching marks on some valves. Inspected oil pump and upon spinning shaft fluid exiting has metal debris contamination. Inspected/disassembled front support assembly, found B clutch friction plates overheated and found steel plates with heat spots. Also found E/forward clutch friction plates also overheated and steel plates had heat spots. Performed smart cost cap tool, unable to give accurate decision due to one or more items marked on back order. Performed regular cost cap tool, decision to repair. Replaced all worn components, seals, and pistons. Reinstalled transmission onto vehicle and topped off oil levels to spec. Started vehicle, placed into reverse, wrench light came on, pulled DTC's, found P0736, followed by WSM, PPTS |

| | | |
|---|---|---|
| | | directed to clear and retest for specific clutch assembly. Road tested vehicle harsh shifts at 4th gear upshift downshifts and harsh engagement on acceleration. Retested no DTC's present. Performed visual inspection checked good. Removed transmission from vehicle once again and performed teardown inspection, no visible faults found at this time, inspected clutch packs and planetary assemblies, reassembled transmission, air tested fluid ports to verify proper clutch apply, checked good. Reinstalled onto vehicle and re-tested, concern still present. Removed new valve body and disassembled, found several valves with scorching wear and metal debris contamination in the fluid passages. Refer to Line 6.") <br><br> SAFETY DEFECT: NHTSA Safety Recall Campaign 19V-633/19C07: Reduced Seat Back Strength/ FMVSS 202 & 207. [Ford Motor Company is recalling certain 2018-2020 F-150 and 2019-2020 F-250, F-350, F-450, and F-550 Super Duty pickup trucks, and 2018-2019 Ford Explorer and 2019-2020 Expedition vehicles equipped with driver and/or passenger's manual front seat back recliner mechanisms. Also included are certain 2020 Ford Explorer and Lincoln Aviator vehicles equipped with rear outboard seats and manual seat back recliner |

| | | |
|---|---|---|
| | | mechanisms. The recliner mechanisms may be missing the third pawl required for seat back strength, resulting in a loose seat back. As such, these vehicles fail to comply with the requirements of Federal Motor Vehicle Safety Standard (FMVSS) numbers 202, "Head Restraints" and 207, "Seating Systems." A seat back with an improperly assembled recliner mechanism may have reduced strength and may not adequately restrain an occupant in a crash, increasing the risk of injury. Recall notice is dated September 3, 2019.] (RO Line 2: "Inspected both front seats using torque wrench, set to spec at 80 NM, all seats checked good.")<br><br>Dealer installed a new valve body assembly due to excessive damage. (RO Line 6: "Due to excessive wear found on new valves on main control valve body, replaced unit. Installed a new valve body assembly, and reassembled vehicle. Topped off oil levels to spec, hooked up scan tool and programmed new strategy onto vehicle, performed reset KAM and clear trans adaptive tables, road tested vehicle, performing trans adaptive learning drive cycle, concern from previous repair Line 1 no longer present.") |

COMPLAINT - 9 -

| RO: 268187<br>June 6- 28, 2022<br>69,215 miles | Galpin Ford | POWERTRAIN AND/OR EMISSIONS DEFECT: Vehicle has hard up and down shifts 2-3-4 and vibration is felt. This occurs also in sport mode. Refer to RO #262708. (RO Line 1: "Verified customer concern, there is harsh upshifts at lower RPMs 1500-2000, in stop and go traffic vehicle will slip and bang into gear, also happens at downshifts, concern is harsh on sport mode. Hooked up scan tool and retrieved for any DTCs, none found, performed PID monitor. Road test and verified torque converter slip actual and torque converter slip desired off specs. Removed transmission oil pan, found metal debris contamination in the fluid, removed valve body, air tested B clutch and A clutch assemblies found B clutch leaking. Removed transmission and performed teardown inspection. Found the front support assembly B clutch hub excessively grooved and excessive metal debris contamination, also disassembled clutch and planetary assemblies and found cylinder holding No. 4 ring gear excessive grooving and metal contamination. Also found CDF hub assembly worn out and excessively grooved where the F clutch pack sits, upon inspection also found grooving and slip wear on F clutch steels and F clutch friction plates have material discoloration. SPW front support |

| | | |
|---|---|---|
| | | failure. Performed smart cost cap tool one or more items are marked d-99, due to parts not available (d-99 for over 10 days, per article 3.5.02.88 Replacement or Repair Policy, the next level part may be used to service the vehicle. Replaced transmission, flushed oil cooler lines, and installed new transmission onto vehicle. Performed new strategy programming, reset KAM and clear adaptive tables, road tested vehicle while performing trans adaptive learning drive cycle, shifts are proper and sport mode drives as intended, concern no longer present at time of service.") |
| RO: 271194<br>July 8, 2022<br>69,290 miles | Galpin Ford | POWERTRAIN DEFECT: Vehicle was towed in and received from tow truck operator. It was brought in again for vibration. (RO Line 2: "Verified customer concern, there is a loud clunk noise and vibration felt while driving the vehicle. Performed visual inspection, found the driveshaft center support bolts loose, no bends or grooving is visible, retightened bolts and retested concern.") |

19. Each time Plaintiff delivered the nonconforming Vehicle to a Manufacturer-authorized service and repair facility, Plaintiff notified Defendants, and each of them, of the defects, malfunctions, maladjustments, and/or nonconformities existent with the Vehicle and demanded that Manufacturer or its representative's repair, adjust, and/or replace any necessary parts to conform the Vehicle to the applicable warranties.

COMPLAINT - 11 -

20. Each time Plaintiff delivered the nonconforming Vehicle to a Manufacturer-authorized service and repair facility, Defendants, and each of them, represented to Plaintiff that they could and would conform the Vehicle to the applicable warranties, that in fact they did conform the Vehicle to the applicable warranties, that in fact they did conform the Vehicle to said warranties, and that all the defects, malfunctions, maladjustments, and/or nonconformities have been repaired; however, Manufacturer or its representatives failed to conform the Vehicle to the applicable warranties because said defects, malfunctions, maladjustments, and/or nonconformities continue to exist even after a reasonable number of attempts to repair was given.

21. Pursuant to the ruling in *Krotin v. Porsche Cars North America, Inc.* (1995) 38 Cal.App.4th 294, which states that "the manufacturer has an affirmative duty to replace a vehicle or make restitution to the buyer ... and the buyer need not reject or revoke acceptance of the vehicle at any time," Defendants had an affirmative duty to promptly repurchase or replace the Subject Vehicle on or before June 6, 2022.

22. The amount in controversy exceeds TWENTY-FIVE THOUSAND DOLLARS ($25,000), exclusive of interest and costs, for which Plaintiff seeks judgment against Defendants, together with equitable relief. In addition, Plaintiff seeks damages from Defendants, and each of them, for incidental, consequential, exemplary, and actual damages including interest, costs, and actual attorney's fees.

## FIRST CAUSE OF ACTION

**(Breach of Implied Warranty of Merchantability under Song-Beverly Warranty Act)**

23. Plaintiff re-alleges each and every paragraph (1-22) and incorporates them by this reference as though fully set forth herein.

24. The Manufacturer and Seller's implied warranty that the Vehicle was merchantable accompanied the distribution and sale of the Vehicle.

25. Furthermore, Defendants, and each of them, impliedly warranted, inter alia, that the Vehicle would pass without objection in the trade under the ordinary purpose for which it was intended; that the Vehicle was adequately assembled; and/or that the Vehicle conformed to the promises or affirmation of fact made to Plaintiff.

26. As evidenced by the defects, malfunctions, maladjustments, and/or nonconformities alleged herein, the Vehicle was not merchantable because it did not have the quality that a buyer would reasonably expect, because it could not pass without objection in the trade under the contract description; because it was not fit for the ordinary purposes for which it was intended; because it was not adequately assembled; and/or because it did not or could not be conformed to the promises or affirmations of fact made to Plaintiff.

27. Upon discovery of the Vehicle's nonconformities, Plaintiff took reasonable steps to notify Defendants, and each of them, within a reasonable time that the Vehicle did not have the quality that a buyer would reasonably expect and, further, justifiably revoked acceptance of the nonconforming Vehicle.

28. Plaintiff alleges upon information and belief that the Vehicle had a latent defect that existed from the time of purchase or shortly after the time of purchase by Plaintiff.

29. Plaintiff hereby notifies the Manufacturer and Seller of their breach and justifiably revokes acceptance of the nonconforming Vehicle under Commercial Code sections 2607 and 2608. Plaintiff further demands that the Manufacturer and Seller cancel the sale, take back the nonconforming Vehicle, refund all the money expended, pay the difference between the value of the Vehicle as accepted and the value the Vehicle would have had if it had been as warranted, and/or pay damages under Commercial Code sections 2711, 2714, and 2715.

30. Plaintiff has made several requests and hereby makes a further demand upon Manufacturer for restitution pursuant to the Song-Beverly Act. Defendants, and each of them, have intentionally failed and refused to make restitution or replacement pursuant to Song-Beverly Act.

31. As a result of the acts and/or omissions of the Defendants, and each of them, Plaintiff has sustained damage in the amount actually paid or payable under the contract, plus prejudgment interest thereon at the legal rate. Plaintiff will seek leave to amend this Complaint to set forth the exact amount thereof when that amount is ascertained.

32. As a result of the act and/or omission of Defendants and each of them, Plaintiff is entitled to recover any "cover" damages under Commercial Code section 2711, 2712 and Civil

Code section 1794, *et seq.*

33. As a further result of the actions of Defendants, and each of them, Plaintiff has sustained incidental and consequential damages in an amount yet to be determined, plus interest thereon at the legal rate. Plaintiff will seek leave to amend this Complaint to set forth the exact amount of incidental damages when that amount is ascertained.

34. As a further result of the actions of Defendants, and each of them, Plaintiff has sustained damages equal to at least the Purchase Price of the Vehicle.

35. As a direct result of the acts and/or omissions of Defendants, and each of them, and in pursuing Plaintiff's claim, it was necessary for Plaintiffs to retain legal counsel. Pursuant to Song-Beverly, Plaintiff, in addition to his other remedies, is entitled to the recovery of Plaintiff's attorney's fees based upon actual time expended and reasonably incurred, in connection with the commencement and prosecution of this action.

## SECOND CAUSE OF ACTION

**(Breach of Express Warranty under Song-Beverly Warranty Act)**

36. Plaintiff re-alleges each and every paragraph (1-35) and incorporates them by this reference as though fully set forth herein.

37. The Vehicle had defects, malfunctions, maladjustments and/or nonconformities covered by the warranty that substantially impaired its value, use, or safety to Plaintiff.

38. Plaintiff delivered the Vehicle to Manufacturer or its authorized repair facility for repair.

39. Defendants, and each of them, failed to service or repair the Vehicle to match the written warranty after a reasonable number of opportunities to do so.

40. Plaintiff alleges upon information and belief, that since Plaintiff's delivery of the subject Vehicle to the manufacturer's authorized repair facilities, Defendants, and each of them, failed to perform the necessary repairs and/or service so as to conform the Vehicle to the applicable warranties within thirty (30) days in violation of Defendants' obligations under the Song-Beverly Act.

41. The acts and/or omissions of Defendants, and each of them, in failing to perform the proper repairs, part replacement, and/or adjustment, to conform the Vehicle to the applicable express warranty constitute a breach of the express warranties that the Manufacturer provided to Plaintiff, thereby breaching Defendants' obligation under the Song-Beverly Act.

42. Defendants, and each of them, failed to perform the necessary repairs and/or service in good and workmanlike manner. The actions taken by Defendants, and each of them, were insufficient to make the Subject Vehicle conform to the express warranties and/or proper operational characteristics of like Vehicles, all in violation of Defendants' obligations under the Song-Beverly Act.

43. As a result of the act and/or omission of Defendants and each of them, Plaintiff is entitled to justifiably revoke acceptance of the Subject Vehicle under Civil Code section 1794, *et seq;* Plaintiff hereby revokes acceptance of the Subject Vehicle.

44. Plaintiff has given written notice to Defendants that the Manufacturer or its representatives in this state is unable to service or repair the subject vehicle to conform to the applicable express warranties after a reasonable number of attempts, and further requested that the Manufacturer comply with paragraph (2) of the subdivision (d) of Section 1793.2 sent via US mail. Defendants, and each of them, knowing their obligations under Song-Beverly, and despite Plaintiff's demand, failed and refused to make restitution or replacement according to the mandates of the Song-Beverly Act. Such failure of Defendants, and each of them, to refund the price paid and payable or to replace the Vehicle was deemed willful and justifies an award of a Civil Penalty in an amount not to exceed two times Plaintiff's actual damages.

45. As a result of the act and/or omission of Defendants and each of them, and pursuant to the provisions of the Song-Beverly Act, Plaintiff is entitled to replacement of the Vehicle or restitution of the amount actually paid or payable under the contract, at Plaintiff's election, plus prejudgment interest thereon at the legal rate. Plaintiff will seek leave of Court to amend this Complaint to set forth the exact amount of restitution and interest, upon election, when that amount has been ascertained.

46. As a result of the act and/or omission of Defendants and each of them, Plaintiff is

COMPLAINT - 15 -

entitled to recover any "cover" damages under Commercial Code section 2711, 2712 and Civil Code section 1794, *et seq.*

47. As a result of the act and/or omission of Defendants and each of them, Plaintiff is entitled to recover all incidental and consequential damages under Commercial Code section 2711, 2712, and 2713, *et seq.* and Civil Code section 1794, *et seq.*, in amounts yet to be determined, plus interest thereon at the legal rate. Plaintiff will seek leave of Court to amend this Complaint to set forth the exact amount of consequential and/or incidental damages, when those amounts have been ascertained.

48. As a direct result of the acts and/or omissions of the Defendants and each of them and in pursuing Plaintiff's claim, it was necessary for Plaintiff to retain legal counsel. Pursuant to Song-Beverly, Plaintiff, in addition to other remedies, is entitled to the recovery of Plaintiff's attorney's fees based upon actual time expended and reasonably incurred, in connection with the commencement and prosecution of this action.

## THIRD CAUSE OF ACTION

### (Violation of Song-Beverly Warranty Act Section 1793.2)

49. Plaintiff re-alleges each and every paragraph (1-48) and incorporates them by this reference as though fully set forth herein.

50. Pursuant to Civil Code § 1793.2(a), a manufacturer that sells consumer goods in California for which it has made an express warranty shall maintain service and repair facilities or designate and authorize independent service and repair facilities to carry out the terms of those warranties.

51. Pursuant to Civil Code § 1793.2(b), when service and repair of goods is necessary because they do not conform with the applicable express warranties, service and repair shall commence within a reasonable time by the manufacturer or its representative.

52. Civil Code § 1793.2(b) further states that goods shall be serviced or repaired so as to conform to the applicable warranties within thirty (30) days.

53. The sale of the subject vehicle was accompanied by express warranties, including a warranty guaranteeing that the subject vehicle was safe to drive and not equipped with defective

parts, including the exterior, interior, airbag, brakes, powertrain, structural, suspension, steering and/or electrical system.

54. The Vehicle had defects, malfunctions, maladjustments and/or nonconformities covered by the warranty.

55. The Vehicle was delivered for repairs of defects, malfunctions, maladjustments and/or nonconformities covered by the warranty.

56. Since delivery of the Vehicle to Defendant's authorized service representative(s), over thirty days have passed and Defendants have failed to tender the subject vehicle back to Plaintiff in conformance with its warranties.

57. Plaintiff is entitled to replacement or reimbursement pursuant to Civil Code, section 1794, et seq. Plaintiff has made several requests and hereby makes a further demand upon Manufacturer for restitution pursuant to Song-Beverly. Defendants, and each of them, have intentionally failed and refused to make restitution or replacement pursuant to Song-Beverly.

58. As a result of the act and/or omission of Defendants and each of them, and pursuant to the provisions of the Song-Beverly Warranty Act, Plaintiff is entitled to replacement of the Vehicle or restitution of the amount actually paid or payable under the contract, at Plaintiff's election, plus prejudgment interest thereon at the legal rate. Plaintiff will seek leave of Court to amend this Complaint to set forth the exact amount of restitution and interest, upon election, when that amount has been ascertained.

59. Additionally, as a result of the acts and/or omissions of Defendants, and each of them, and pursuant to Song-Beverly, Plaintiff has sustained and is entitled to consequential and incidental damages in amounts yet to be determined, plus interest thereon at the legal rate. Plaintiff will seek leave of Court to amend this Complaint to set forth the exact amount of consequential and/or incidental damages, when those amounts have been ascertained.

60. Additionally, as a result of the acts and/or omissions of Defendants, and each of them, and pursuant to Song-Beverly, Plaintiff is entitled in addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages in that Defendants have willfully failed to comply with their responsibilities under the Act.

61. As a direct result of the acts and/or omissions of Defendants, and each of them, and in pursuing Plaintiff's claim, it was necessary for Plaintiffs to retain legal counsel. Pursuant to Song-Beverly, Plaintiff, in addition to her other remedies, is entitled to the recovery of Plaintiff's attorney's fees based upon actual time expended and reasonably incurred, in connection with the commencement and prosecution of this action.

**WHEREFORE**, Plaintiff prays for judgment against all Defendants and each of them, as follows:

### AS TO THE FIRST, SECOND AND THIRD CAUSES OF ACTION

A. For actual damages, according to proof;

B. For restitution, according to proof;

C. For rescission of contract;

D. For cover damages, according to proof;

E. For incidental and consequential damages, according to proof;

F. For a civil penalty as provided in Song-Beverly, in an amount not to exceed two times the amount of Plaintiff's actual damages;

G. For actual attorney's fees reasonably incurred;

H. For costs of suit and expenses, according to proof;

I. For the difference between the value of the Vehicle as accepted and the value the Vehicle would have had if it had been as warranted;

J. For remedies provided in Chapter 6 and 7 of Division 2 of the Commercial Code;

K. For pre-judgment interest at the legal rate;

L. For a jury trial; and,

M. For such other relief the Court deems appropriate.

DATED: May 8, 2023          LAW OFFICES OF ISAAC KOHEN

                                              /s/ Isaac Kohen
                                        Isaac Kohen, Esq.
                                        Attorneys for Plaintiff
                                        NICHOLAS PUGH